UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FERESHTEH and JOHN McCONNELL, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 10-cv-773-JPG |
| ) | |
| WYETH, *et al*., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on its own initiative for purposes of case management.

Federal courts are courts of limited jurisdiction. They may exercise jurisdiction only over matters authorized by the Constitution and by statute. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1316 (7th Cir. 1997). Moreover, federal courts must police the boundaries of their own jurisdiction. Even absent an objection by a party challenging jurisdiction, they are "obliged to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction." *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448-49 (7th Cir. 2000) (quoting *Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977)). As such, this Court conducts a rigorous initial review of complaints to ensure that jurisdiction has been properly pled.

In their Complaint (Doc. 2), Plaintiffs Fereshteh and John McConnell have invoked but not properly pled diversity of citizenship as a basis for federal jurisdiction. Indeed, federal courts have jurisdiction over a civil action between citizens of different states. *See* 28 U.S.C. § 1332 (2006). "For the purposes of [§ 1332(c)] . . . , a corporation shall be deemed a citizen of any State by which it has been incorporated *and* of the State where it has its principal place of business[.]" *Se. Guar. Trust Co., Ltd. v. Rodman & Renshaw, Inc.*, 358 F. Supp. 1001, 1005-

1006 (N.D. Ill. 1973) (emphasis added).  Here, the McConnells have not alleged either the state of incorporation or the principal places of business of Defendants American Home Products, Inc., AHP Subsidiary Holding Corporation, or Wyeth Pharmaceuticals.  The Court also notes Defendant Wyeth is a limited liability corporation.  "[T]he key to determining the citizenship of a limited liability corporation is its members because a limited liability corporation has the *citizenship* of *all* its members."  *SJ Props. Suites, BuyCo, EHF v. Dev. Opportunity Corp.*, Nos. 09-C-0533, 09-C-0569, 2009 WL 3790009, at *4 (E.D. Wis. Nov. 12, 2009) (emphasis added).  The McConnells have not identified the members of Wyeth, let alone their citizenship.

Accordingly, the Court **ORDERS** the McConnells to correct these and *any other* jurisdictional defects by **October 29, 2010.**  *See Tylka*, 211 F.3d at 448 ("[I]t is not the court's obligation to lead counsel through a jurisdictional paint-by-numbers scheme.").  Should they fail to do so, the Court will dismiss this matter for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**
**Dated: October 12, 2010**

                     s/ J. Phil Gilbert
                     **J. PHIL GILBERT**
                     **DISTRICT JUDGE**